**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**NATURE'S ENTERPRISES, INC.,**

                Plaintiff,        08 Civ. 8549 (JGK)

      - against -              <u>**OPINION AND ORDER**</u>

**SHANE JOSHUA PEARSON, JET PEARSON, AND**
**TEENNUDISTPAGEANTS.COM,**

                **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

     This is a copyright infringement action in which the plaintiff, Nature's Enterprises, Inc., alleges that the defendants, Shane Joshua Pearson, Jet Pearson, and teennudistpageants.com, have been copying and selling over the internet certain motion pictures produced and sold by the plaintiff, for which the plaintiff owns copyrights. On October 8, 2008, the plaintiff moved by Order to Show Cause for a preliminary injunction and a temporary restraining order to prevent the defendants from continuing their infringing activities. Following a hearing on that date at which no representative for the defendants appeared, the Court granted the temporary restraining order and noted that if the defendants did not file any responsive papers by October 16, 2008, the Court may grant the preliminary injunction on default. The defendants have not filed any responsive papers with the Court.

For the reasons explained below in the Court's Findings of Fact and Conclusions of Law, the preliminary injunction is granted.

**Findings of Fact**

**<u>The Parties</u>**

1. Plaintiff Nature's Enterprises, Inc. is a corporation that produces, promotes, and sells motion pictures that reflect what it calls the "naturist lifestyle." (Sworn Statement of Michael Carr ("Carr") ¶ 2.)

2. Defendant Shane Joshua Pearson is an individual residing in the state of Minnesota. (Sworn Statement of John Brown ("Brown") ¶¶ 4-5.)

3. Defendant Jet Pearson is an individual residing in the state of Minnesota. (Sworn Statement of Gary Miller ("Miller") ¶ 4.)

4. Defendant teennudistpageants.com is a website on which DVDs are advertised and offered for sale. (Carr ¶ 4.)

**<u>The Unauthorized Advertising and Sale of the Plaintiff's Motion Pictures on teennudistpageants.com</u>**

5. As recently as September 15, 2008, teennudistpageants.com was offering for sale various DVDs.

(Pl.'s Ex. 2; Sworn Statement of Eugene Nathanson ("Nathanson") ¶ 4.)

6. Each of these DVDs duplicated at least one of the plaintiff's copyrighted motion pictures. (Carr ¶ 5.)

7. The advertisements for these DVDs on teennudistpageants.com contained images taken from the plaintiff's motion pictures. (Carr ¶ 4.)

8. There has been no evidence or allegation offered by the defendants to dispute that the DVDs advertised and offered for sale on teennudistpageants.com were in fact copies of motion pictures produced by the plaintiff.

9. The plaintiff owns copyrights on all of the motion pictures that were duplicated in the DVDs sold on teennudistpageants.com. (Pl.'s Ex. 1; Carr ¶ 2.)

10. The plaintiff has never granted permission for its motion pictures to be copied and sold on teennudistpageants.com. (Carr ¶ 3.)

11. The duplicate DVDs offered for sale on teennudistpageants.com are shipped to buyers in unlabeled paper cases with titles handwritten on the paper DVD sleeve. (Pl.'s Ex. 7; Carr ¶ 7.)

12. The DVDs offered for sale on teennudistpageants.com that duplicated the plaintiff's copyrighted motion pictures were

offered at lower prices than legitimate copies of those motion pictures.  (Pl.'s Ex. 2; Carr ¶ 5.)

13.  As recently as September 26, 2008, teennudistpageants.com was offering for sale a DVD that duplicated images from two motion pictures for which the plaintiff owns a copyright.  (Pl.'s Ex. 3; Carr ¶ 8.)

### The Defendants' Involvement

14.  teennudistpageants.com is registered to "Shane Joshua," at an address that can be traced to Shane Joshua Pearson.  (Brown ¶¶ 3-4.)

15.  The evidence shows that Shane Joshua Pearson has been advertising, offering for sale, and selling illegitimate copies of the plaintiff's motion pictures on teennudistpageants.com.

16.  In March 2008, Jet Pearson purchased from a legitimate supplier one of the plaintiff's motion pictures that was later duplicated and offered for sale on teennudistpageants.com. (Pl.'s Ex. 8; Carr ¶ 9.)

17.  On a second occasion, Jet Pearson purchased another of the plaintiff's motion pictures that was later duplicated and offered for sale on teennudistpageants.com.  (Miller ¶ 4.)

18.  On both occasions, Jet Pearson used as her shipping address an address that can be traced to Shane Joshua Pearson. (Carr ¶ 9; Miller ¶¶ 3-4; Brown ¶¶ 4-5.)

19.  The evidence shows that Jet Pearson purchased legitimate copies of the plaintiff's motion pictures in order to facilitate Shane Joshua Pearson's illegitimate advertising and sale of copies of those motion pictures on teennudistpageants.com.

**Conclusions of Law**

**A.**

1.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  (See Brown ¶ 2.)

**B.**

3.  The standards that govern the issuance of a preliminary injunction are well established.  "A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor."  Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008).

**C.**

4. "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (citations and internal quotation marks omitted). The plaintiff must establish "that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent." Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation and internal quotation marks omitted). Furthermore, "[i]rreparable harm is 'injury for which a monetary award cannot be adequate compensation.'" Int'l Dairy Foods Assoc. v. Amestoy, 92 F.3d 67, 71 (2d Cir. 1996) (quoting Jackson Dairy Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)). If an adequate remedy at law exists, no preliminary injunction may issue. Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004).

**D.**

5. In a copyright action, "[t]o demonstrate likelihood of success, [the plaintiff] must establish prima facie a copyright infringement by showing that it owns valid copyrights and that [the defendants] ha[ve] engaged in unauthorized copying. As to

6

irreparable harm, generally when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed." ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 64 (2d Cir. 1996) (internal citations omitted). See also Lida, Inc. v. Texollini, Inc., 768 F.Supp. 439, 443 (S.D.N.Y. 1991) ("In a copyright infringement case, irreparable injury should ordinarily be presumed if the copyright is shown to be prima facie valid and defendant is shown to have infringed that copyright. The allegations of irreparable injury need not be very detailed if a prima facie case of copyright infringement can be shown.") (internal citations omitted).

**E.**

6. Irreparable harm may be presumed in this case, because the plaintiff has made out a prima facie showing of infringement and is thus likely to succeed on the merits.

7. The plaintiff has shown that it owns valid copyrights to the motion pictures that are being copied, advertised, and offered for sale by the defendants.

8. The plaintiff has shown that it did not authorize the defendants to copy its motion pictures and market them or offer them for sale.

9.  The plaintiff has produced sufficient evidence that the defendants have engaged in unauthorized copying of its motion pictures.

10.  Thus the plaintiff has made out a <u>prima facie</u> showing of infringement in this case by showing that it owns valid copyrights and that the defendants have engaged in unauthorized copying of its copyrighted material.  The plaintiff has therefore shown a likelihood of success on the merits and irreparable harm can be inferred.

**F.**

11.  In addition to the showing of irreparable harm based on the plaintiff's likelihood of success on the merits of this copyright case, the plaintiff presented additional evidence of irreparable harm.

12.  The plaintiff has presented undisputed evidence that absent a preliminary injunction, it will suffer harm that is actual and imminent.  Unauthorized duplicates of the plaintiff's motion pictures have been offered for sale on teennudistpageants.com since at least September 15, 2008.  Shane Joshua Pearson has been offering the unauthorized duplicates for sale since at least March 24, 2008.  The unauthorized duplicates have been offered for sale at prices substantially less than the costs of legitimate copies of the plaintiff's motion pictures.

This puts the plaintiff in imminent danger of losing customers who will purchase the lower-priced unauthorized duplicates instead of legitimate copies of the plaintiff's motion pictures, if the unauthorized duplicates continue to be offered on teennudistpageants.com.  Moreover, the relatively low quality of the duplicate DVDs imminently endangers any goodwill the plaintiff has built up in its copyrighted products.  The potential loss of customers and goodwill in this case is irreparable through monetary damages because it cannot be quantified; there is no way to determine how many customers the plaintiff will lose either because it is being undersold by teennudistpageants.com or because its products acquire a bad reputation due to the low quality of the duplicates sold on teennudistpageants.com.  By diverting the plaintiff's customers, the defendants are subjecting the plaintiff "to a definite possibility of irreparable harm, which increases as long as it continues unrestrained."  <u>Velo-Bind, Inc. v. Scheck</u>, 485 F.Supp. 102, 109 (S.D.N.Y. 1979).

**G.**

13.  On the basis of the foregoing Findings of Fact and Conclusions of Law, and because the defendants have defaulted, the plaintiff's application for a preliminary injunction enjoining the defendants from continuing to copy or make any

unauthorized use of the plaintiff's motion pictures listed in Pl.'s Ex. 1 during the pendency of this action is **granted**.

14. In addition, because the defendants have defaulted and thus not made a request for a bond, the plaintiff is entitled to a preliminary injunction without having to post a bond. See Clarkson Co., Ltd. v. Shaheen, 544 F.2d 624, 632 (2d Cir. 1976).

## Conclusion

The foregoing constitutes this Court's Findings of Fact and Conclusions of Law pursuant to Rules 52(a) and 65 of the Federal Rules of Civil Procedure. The plaintiff should present a proposed preliminary injunction by **October 27, 2008**.

**SO ORDERED.**

**Dated: New York, New York
October 23, 2008**

John G. Koeltl
United States District Judge